United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. GONZALES, | No. C 07-3351 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| SUPULVEDA, Director; et al., | |
| Defendants. | |

Robert M. Gonzales, who was then an inmate at the Santa Clara County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. He alleged in his complaint that he was subjected to excessive force at the jail on May 19, 2007 when he was handcuffed too tightly and without regard for his complaints of back pain. His complaint is now before the court for initial review under 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  A prisoner must exhaust administrative remedies before filing a civil rights action. "No
2  action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other
3  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such
4  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Nonexhaustion
5  under § 1997e(a) is usually an affirmative defense, but a complaint may be dismissed by the
6  court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
7  exhaustion applies." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

8  The complaint and attachments plainly show that Gonzales did not exhaust his
9  administrative remedies before filing this action. He offered two reasons for his non-exhaustion,
10 but neither persuades the court to excuse the exhaustion requirement.

11 Gonzales first contended that he did not need to exhaust because monetary relief was not
12 available in the inmate appeal system. He cited to the Ninth Circuit's 1999 Rumbles decision,
13 which was a reference to Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999). Gonzales relied
14 on outdated law: Rumbles was overruled by Booth v. Churner, 532 U.S. 731 (2001). The
15 Supreme Court has determined that exhaustion in prisoner cases covered by § 1997e(a) is now
16 mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be
17 exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and
18 effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance
19 proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth, 532 U.S.
20 at 741. Since 2001, prisoners have not been able to avoid the administrative exhaustion
21 requirement by requesting relief not available in the appeals system, such as monetary relief.

22 Gonzales also argued that exhaustion was futile because there was "'no' answer in sight."
23 Complaint, p. 2A. The perceived slowness of the system did not excuse the exhaustion
24 requirement because the remedies need not be "speedy." Porter, 534 U.S. at 524. Gonzales
25 prepared his civil rights complaint three weeks after the incident complained of and mailed his
26 complaint to this court just one month after the incident complained of, and did not give the
27 appeals process time to work. There may be cases in which the delay in receiving an appeal
28 response is so long that exhaustion should be excused, but a case with a one-month delay simply

2

is not one of them. That exhaustion was not a futile endeavor is clear from the record, as Gonzales later filed document showing that his appeal did receive a response, albeit not until after this action was filed. (Docket # 9.) The fact that Gonzales apparently exhausted administrative remedies after filing this action does not assist him. An action must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he filed suit, even if the prisoner fully exhausts while the suit is pending. <u>See</u> <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1050-51 (9th Cir. 2006).

Gonzales conceded that he had not completed the jail's inmate appeal process and his explanations for why he had not done so did not show that he came within any exception to the exhaustion requirement. This action therefore is dismissed without prejudice to Gonzales filing a new action after he exhausts his administrative remedies for all claims asserted therein. The <u>in forma pauperis</u> application is GRANTED. (Docket # 2, # 4.) The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 31, 2008

_____
SUSAN ILLSTON
United States District Judge

3